UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| RANDALL DALE BINGHAM, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 6:18-cv-00034-GFVT |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| J.A. BARNHART, Warden, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Randall Dale Bingham has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1.] At the time his petition was filed, he was housed at the United States Penitentiary ("USP")-Manchester in Manchester, Kentucky. This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

On August 24, 2017, in the United States District Court for the Northern District of Georgia, Mr. Bingham was found guilty of violating the terms of his previously-imposed supervised release and sentenced to a term of imprisonment of twelve (12) months and one (1) day with such time in federal custody to commence as of July 5, 2017. *United States v. Bingham*, 4:05-cr-047-HLM-1 (N.D. Ga. 2005) at R. 23. The court also recommended that Mr. Bingham be permitted to move into a halfway house as soon as practical for the remainder of his sentence. *Id.*

In his § 2241 petition filed in this Court, Mr. Bingham raises two claims, one related to Good Time Credit ("GTC") to which he believes himself entitled, and the second claim seeking relief from the restitution amount ordered in his original underlying criminal case, *United States v. Bingham*, 1:97-cr-423-2 (N.D. Ill. 1997). He also seeks immediate placement in a halfway house.

However, before a prisoner may seek habeas relief under Section 2241, he must exhaust his administrative remedies within the Bureau of Prisons ("BOP"), which Mr. Bingham candidly admits that did not do. *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231 (6th Cir. 2006); *Campbell v. Barron*, 87 F. App'x 577, 577 (6th Cir. 2004). The BOP has established a three-tiered Administrative Remedy Program whereby an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels. *See generally* 28 C.F.R. § 542.10, *et seq*.[1]

Exhaustion is an affirmative defense, thus a court may not deny a habeas petition upon initial screening merely because the petitioner "fail[s] to plead or attach exhibits with proof of exhaustion," to his or her petition. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Here, however, Mr. Bingham freely admits in his petition that he has failed to pursue his administrative remedies through the BOP, explaining his frustrations with pursuing administrative remedies with respect to other, unrelated claims in the past. [R. 1 at p. 2-3] Bingham also argues that exhaustion of his GTC claim would take too long [*Id*. at p. 4-5] and

---

[1] After the inmate has attempted to resolve his respective matter of concern informally, an initial request is made to the Warden at the institution level. If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director within 20 days of receiving the Warden's response. See 28 C.F.R. § 542.15. If he is dissatisfied with the Regional Director's response, he may appeal to the General Counsel in the BOP's Central Office, Washington, D.C., within 30 days of receiving the Regional Director's response. *Id*. The Administrative Remedy Program allows an inmate to seek formal review of an issue relating to any aspect of his or her confinement, to include appeals of disciplinary decisions by the DHO. 28 C.F.R. § 542.10. An appeals from a DHO decision does not require an initial filing at the institutional level and is initially submitted to the Regional Director for the region where the inmate is located at the time of filing. 28 C.F.R. 542.14(d)(2).

exhaustion with respect to his restitution claim is futile because "BOP policy of (IFRP) Inmate Financial Responsibility Program does not allow relief of restitution." *Id*. at 6.

The case law is clear and uniform that where such a defect is apparent from the pleading itself, it may be dismissed without prejudice upon initial review. *Jones v. Bock*, 549 U .S. 199, 214–15 (2007) (district court can dismiss complaint *sua sponte* when it is apparent from the face of the complaint that claim is barred by affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (where complaint made clear that prisoner failed to exhaust administrative remedies, district court may dismiss it *sua sponte* for failure to state a claim); *Fletcher v. Myers*, No. 5:11-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis.").

In addition, the Court notes that a review of the BOP's "Inmate Locater" website shows that Mr. Bingham absconded from the custody of the BOP on May 23, 2018. *See* https://www.bop.gov/inmateloc/ (last visited June 11, 2018). The Court takes judicial notice of records and information located on government websites because they are self-authenticating under Fed. R. Evid. 902. *Qiu Yun Chen v. Holder*, 715 F.3d 207, 212 (7th Cir. 2013) ("A document posted on a government website is presumptively authentic if government sponsorship can be verified by visiting the website itself."). The fact that Mr. Bingham has absconded from BOP custody raises serious questions over whether or not he is considered to be "in custody" for purposes of this Court's jurisdiction over Mr. Bingham's habeas claims. *See Prieto v. Gluch,* 913 F.2d 1159, 1162 (6th Cir.1990)(in order for a court to have jurisdiction over petitioner's habeas claims under § 2241, the petitioner must be in government custody).

Regardless, because Mr. Bingham admits that he filed his petition before pursuing his administrative remedies with the BOP, the Court will deny the petition as prematurely filed. This denial is without prejudice to Mr. Bingham's right to file a new petition, and necessarily does not reach the merits of his claims.

Accordingly, it is hereby **ORDERED** as follows:

1. Petitioner Randall Dale Bingham's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [**R. 1**] is **DENIED WITHOUT PREJUDICE** as premature;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket;

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 26th day of June, 2018.

Gregory F. Van Tatenhove
United States District Judge